**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO COMMISSION ON HUMAN RELATIONS ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 24-cv-10940<br><br>Judge John J. Tharp, Jr. |

**MEMORANDUM OPINION AND ORDER**

For the reasons set forth in the Statement below, the plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and to vacate dismissal is denied. R. 65.[1] The plaintiff's duplicative motion, which contains the same content as the previous motion, is denied as moot. R. 66.

**STATEMENT**

Rule 59(e) relief is appropriate only where the movant establishes newly discovered evidence or a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Id.* It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)).

Contrary to this standard, the plaintiff here principally argues that the Court was precluded by the law-of-the-case doctrine from revisiting subject matter jurisdiction after previously permitting the case to proceed and entering a default judgment as to liability. R. 65 at 1. The plaintiff misunderstands the doctrine.

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022). However, "law of the case is a discretionary doctrine, not a rigid bar," and "its force is lowest when applied to jurisdictional questions." *Id.* (citing *Pepper v. United States*, 562 U.S. 476, 506 (2011)); *see also*, *Chi. Joe's Tea Room, LLC v. Village of Broadview*, 894 F.3d 807, 818 (7th Cir. 2018).

To be sure, questions of federal jurisdiction are not entirely exempt from the doctrine. *Sierra Club v. Khanjee Holding (US) Inc.*, 655 F.3d 699, 704 (7th Cir. 2011). When there are "no

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

significant differences in the legal landscape" since the prior ruling, courts may apply law of the case and refuse to reconsider the precise jurisdictional issue previously decided. *Id.* at 705.

However, "a federal court's ongoing obligation to assure itself of its jurisdiction means that revisiting such matters is almost always on the table." *Flynn*, 39 F.4th at 953. Indeed, federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" or the prior progression of the case. *Word Seed Church v. Vill. of Hazel Crest*, 111 F.4th 814, 818 (7th Cir. 2024) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Thus, the Court was not barred from reassessing jurisdiction merely because default judgment was entered. R. 42; R. 49. Nor did the Court engage in "unauthorized re-litigation" of the defendants' liability during the damages phase, as the plaintiff alleges. R. 65 at 2. The Court did not reconsider the merits of the defendants' liability; it assessed whether it had subject matter jurisdiction to proceed at all. R. 63. The prior entry of default as to liability did not relieve the Court of its independent obligation to determine whether jurisdiction existed before entering further judgment.

The plaintiff's objections to the timing of the Court's jurisdictional ruling, including the period during which the matter remained under advisement, and the expenses incurred in reliance on the Court's prior orders likewise do not establish a manifest error of law or fact or a violation of due process. *See Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2014 WL 10416989, at *2 (N.D. Ill. Sept. 26, 2014) ("[T]hat a court may take months to rule on a fully briefed motion is (unfortunately) not extraordinary; it is, rather, the predictable and common consequence of crowded court dockets generally and the particular circumstances of any particular judge's docket specifically.").

Thus, neither the passage of time nor a party's reliance on prior proceedings can confer subject matter jurisdiction where it is otherwise lacking, nor do they relieve the Court of its continuing obligation to determine whether subject matter jurisdiction existed.

Finally, the plaintiff's disagreement with the Court's application of the Rooker-Feldman doctrine does not identify a manifest error warranting relief under Rule 59(e). As explained in the Court's order, the plaintiff's claimed injuries arise from adverse administrative decisions and subsequent state court proceedings, and the relief she seeks would require the Court to review and reject those outcomes. R. 63. The plaintiff's motion does not provide a basis to alter that conclusion.

Because the plaintiff has not identified newly discovered evidence or demonstrated a manifest error of law or fact, the motion is denied.

Date: August 20, 2026

John J. Tharp, Jr.
United States District Judge